# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael J. Kanode, Sr.,**
**Plaintiff Below, Petitioner**

**vs) No. 11-1782** (Mercer County 11-C-190)

**Lt. Mike Gills, Timothy Boggess,**
**Scott Ash, Debra Garton, Nissa Kahle,**
**Judge Derek Swope, Danny Ray Wills,**
**former Sheriff Mercer County Sheriff's**
**Department, J.D. Ellison, Deputy, Mercer**
**County Sheriff's Department, Tonia Hodges,**
**Mercer County Department of Health and**
**Human Resources, Marsha Edwards, Mercer**
**County Department of Health and Human**
**Resources, Robb Mott, Director, Southern**
**Highlands Community Mental Health,**
**Defendants Below, Respondents**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael J. Kanode Sr., *pro se*, appeals various orders entered November 22, 2011, by the Circuit Court of Mercer County dismissing various defendants from his civil action under 42 U.S.C § 1983. Debra Garton, Nissa Kahle, Danny Ray Wills, Mike Mills, Timothy Boggess, Scott Ash, and J.D. Ellison, by counsel Chip E. Williams and Ashley L. Justice; Judge Derek Swope, by counsel John M. Hedges; Rob Mott, by counsel Macel E. Rhodes; and the West Virginia Department of Health and Human Resources ("DHHR"), through counsel Edgar Allen Poe and Elizabeth Harper King; filed responses in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

As relevant to the instant appeal, petitioner was the defendant in various criminal proceedings and a civil forfeiture proceeding. The most serious of these cases was Felony No. 07-F-330, in which petitioner was convicted of malicious assault, burglary, attempted murder in the first degree, violation of a protective order, wanton endangerment, and assault during the

1

commission of a felony following an attack on his then wife. Petitioner was sentenced to serve fourteen to fifty-six years in prison. Petitioner's criminal appeal was refused on April 8, 2009.[1]

On March 24, 2011, petitioner brought suit against those he believed had investigated, prosecuted, and adjudicated his criminal trial, as well as the DHHR and mental health clinic employees who he alleged did not act properly in dealing with petitioner's ex-wife in the lead-up to the trial. Specifically, petitioner alleges that respondent Mott, an employee of Southern Highlands Community Mental Health Clinic, failed to have petitioner's ex-wife admitted into a mental hygiene ward and failed to testify at trial. Additionally, petitioner alleges that respondents Hodges and Edwards, employees of the DHHR, failed to act against petitioner's then-wife in regards to the custody of their child. Petitioner further alleges that law enforcement officials, respondents Wills and Ellison did not properly investigate various aspects of the case, including allegations that they harassed petitioner's son to testify against him, made inflammatory remarks, and improperly encouraged petitioner's then-wife to testify against him and seek a protective order. Petitioner alleges that the prosecution team was respondents Boggess, Ash, Garton, and Kahle, and that they conspired to coerce petitioner's son to alter his testimony at petitioner's trial and were vindictive towards petitioner due to the behavior of petitioner's cousin. Petitioner also alleges that respondent Kahle threatened petitioner's victim to testify against him at trial and that respondent Boggess failed to properly train respondents Ash, Garton, and Kahle in connection with his trial. Finally, petitioner alleges that respondent Judge Swope exceeded his judicial role and acted against petitioner by denying all of petitioner's thirty motions at trial, permitting a friend of the victim to serve on the jury, denied petitioner the use of an earpiece during his trial, imposed an excessive sentence on petitioner, and endangered the life of his daughter when he did not remove her from his ex-wife's care. Respondents filed motions to dismiss in response to petitioner's complaint.

The circuit court dismissed the various defendants on a number of grounds including immunity.[2] The circuit court determined that Respondent Swope was absolutely immune from petitioner's action because, as a duly elected judge of the Mercer County Circuit Court,[3] Respondent Swope was empowered to preside over the criminal proceedings and the civil forfeiture proceeding, and that Respondent Swope was empowered to issue rulings in those matters and to impose sentences upon petitioner's convictions. *See* Syl. Pt. 4, in part, *Roush v. Hey* 197 W.Va. 207, 475 S.E.2d 299 (1996) ("[A]bsolute judicial immunity applies (1) to all judicial

---

[1] In the habeas corpus proceeding he subsequently filed, petitioner is appealing the circuit court's order granting him partial relief in Supreme Court No. 12-0451. The respondent warden is cross-appealing. The circuit court vacated petitioner's convictions for wanton endangerment, burglary, and assault during the commission of a felony, but affirmed his convictions on the counts of violation of a protective order, malicious assault, and attempted first degree murder.

[2] Having found this ground sufficient to affirm the dismissal of petitioner's action, *see* infra, this Court declines to address the other grounds relied upon by the circuit court.

[3] A special judge was appointed to hear the case.

2

act[s]; unless (2) those acts fall clearly outside the judge's subject matter jurisdiction.").

The circuit court determined that Respondent Gills, Respondent Ellison, and Respondent Wills were entitled to qualified immunity.[4] The circuit court concluded that the allegations in petitioner's complaint were insufficient to defeat a claim of qualified immunity for Respondent Gills, Respondent Ellison, and Respondent Wills.

The circuit court determined that Respondents Boggess, Garton, Kahle, and Ash are immune from petitioner's action. The circuit court found that petitioner's allegations against the prosecutors came within the absolute immunity afforded to prosecuting attorneys. *See Mooney v. Frazier*, 225 W.Va. 358, 370 n. 12, 693 S.E.2d 333, 345 n. 12 (2010) ("[A]bsolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.") (internal quotations and citations omitted).

The circuit court determined that it lacked jurisdiction over petitioner's claims against Respondents Hodges and Edwards. The circuit court found that petitioner had failed to give notice to the chief officer of the DHHR, as required by West Virginia Code § 55-17-3(a)(1) and, due to failure to compliy with the notice requirements, the circuit court lacks jurisdiction over the claim. *Motto v. CSX Transportation, Inc.*, 220 W.Va. 412, 647 S.E.2d 848 (2007).

The circuit court determined that the statute of limitations has run for the action against Respondent Mott. Petitioner alleged that Respondent Mott failed to testify at petitioner's criminal trial in January of 2008 and failed to have his then-wife admitted to a mental hospital in July of 2007. The circuit court found that petitioner's complaint in March of 2011 was after the two-year statute of limitations set forth in West Virginia Code § 55-2-12(b), that the theory of continuing tort had no application, and that, since Respondent Mott was not subpoenaed at trial, he had no duty to testify at trial.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). On appeal, petitioner asserts that respondents are not entitled to absolute or even qualified immunity, and that he suffers from a continuing tort actions. The various respondents argue for the circuit court's affirmation.

"[C]laims of immunities, where ripe for disposition, should be summarily decided before trial." *Hutchison*, 198 W.Va. at 147, 479 S.E.2d at 657 (footnote omitted). This Court in *Hutchison* explained that "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." 198 W.Va. at 148, 479 S.E.2d at 658. The Court has carefully considered petitioner's allegations in light of the various immunity, statute of limitations, and jurisdictional defenses raised by respondents. Respondents' defenses are

---

[4] The standard for determining qualified immunity is set forth in Syl. Pt. 6, *City of Saint Albans v. Botkins*, 228 W.Va. 393, 719 S.E.2d 863(2011).

well-founded. The Court concludes that the circuit court did not err in granting respondents' motions to dismiss.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mercer County and affirm its orders dismissing the various defendants.

Affirmed.

**ISSUED:**   May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II